UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re LOMBARD FLATS, LLC, | Case No.  15-cv-00870-PJH |
| Debtor. | Bankr. No. 09-32219 DM |
| DEMAS YAN, | |
| Appellant, | **ORDER AFFIRMING ORDERS OF THE BANKRUPTCY COURT** |
| v. | |
| LOMBARD FLATS, LLC, | |
| Appellee. | |

Appellant Demas Yan appeals from the bankruptcy court's order of contempt, entered January 5, 2015, and order denying motion for reconsideration, entered February 17, 2015.  The matter is submitted on the briefs and is suitable for decision without oral argument.  For the reasons set forth below, the orders of the bankruptcy court are AFFIRMED.

## BACKGROUND

**A.     Parties to the Bankruptcy Appeal**

    **1.     Appellee/Debtor**

Appellee Lombard Flats, LLC ("debtor") is a reorganized debtor under a confirmed Chapter 11 plan.  Debtor is a California limited liability company that was created December 22, 2008 by Martin Eng ("Eng"), the debtor's principal.  Debtor is the owner of a three flat building located at 949-953 Lombard Street, San Francisco, California (the

United States District Court
Northern District of California

"property").  Eng owned the property from 1985 to January 26, 2009, when Eng transferred the property to debtor Lombard Flats, LLC.

Debtor filed for Chapter 11 bankruptcy on August 3, 2009.  Eng is the responsible individual in the Chapter 11 case.  On July 19, 2010, the bankruptcy court confirmed debtor's reorganization plan.  *In re Lombard Flats, LLC*, No. 09-32219 (Bankr. N.D. Cal., July 19, 2010), doc. no. 98.  The plan provided a payment plan for debtor to pay the full amount due to creditor JP Morgan Chase as successor to Washington Mutual Bank, and a payment plan to creditor Shirley Chao on an agreed claim.  Mark J. Romero, counsel for secured creditor Shirley Chao, was appointed disbursing agent under the plan.  The remaining creditor claims were wholly unsecured and discharged pursuant to the plan; the bankruptcy court entered judgment voiding those liens on January 24, 2011.  The bankruptcy court entered a final decree on May 23, 2011, and the bankruptcy case was closed June 3, 2011.

**2.      Appellant Demas Yan**

Appellant Demas Yan ("appellant"), also known as Dennis Yan, is an attorney who has represented two purported creditors who have filed two separate actions in state court against debtor Lombard Flats, LLC:

(1)      Cheuk Tin Yan ("Cheuk Yan"), appellant's father, filed the first state court action against debtor, Eng, Eng's relatives and their closely held companies, seeking recovery for money owed on promissory notes payable to Cheuk Yan issued by Eng in 2007 and 2008, alleging a conspiracy to defraud Cheuk Yan by making fraudulent transfers and encumbrances on the Lombard Street property, including a fraudulent conveyance from Eng to debtor.  Decl. of Martin Eng ISO [Second] Mot. Contempt ("Eng Decl."), Ex. 1 (Complaint, *Cheuk Tin Yan v. Lombard Flats, LLC, et al. ("Cheuk Yan")*, No. CGC 12-524745 (San Francisco Superior Ct. Sept. 26, 2012)), *In re Lombard Flats*, Bankr. No. 09-32219, doc. no. 183.  On January 11, 2013, appellant substituted in the state court action as counsel for Cheuk Yan, who initially filed the complaint in pro per.

United States District Court
Northern District of California

(2)      Legal Recovery, LLC, a limited liability company created on December 19, 2013, filed the second state court action against debtor, Eng, and unnamed Doe defendants for breach of promissory notes payable to Cheuk Yan or Mei Ling Fang, who assigned all rights, title and interest in the claim to Legal Recovery, for the purpose of collection.  Eng Decl., Ex. 3 (Complaint, *Legal Recovery, LLC v. Eng, et al. ("Legal Recovery")*, No. CGC 14-542378 (San Francisco Superior Ct. Oct. 27, 2014)).  Appellant, appearing as Dennis Yan, represents Legal Recovery in the second lawsuit against debtor.  Legal Recovery is registered at the same address as appellant's law office, and its agent for service of process is Tony Lee, who is known to be appellant's close associate.  Eng Decl. ¶¶ 4, 5 and Ex. 3.

**B.      First Lawsuit Filed Against Debtor**

**1.      State Court Action Filed by Cheuk Yan**

The procedural history and factual background underlying the *Cheuk Yan* litigation are more fully set forth in the order affirming the orders of the bankruptcy court in the related bankruptcy appeal, *Cheuk Tin Yan v. Lombard Flats, LLC (In re Lombard Flats, LLC)*, No. 13-4735 PJH, doc. no. 8, *appeal docketed*, No. 14-16624 (9th Cir. August 22, 2014).  In brief, Cheuk Yan claimed that Eng owed him $900,144.67 on three promissory notes issued in 2007 and 2008, plus interest accrued as of September 25, 2012: (1) $407,453 due on a promissory note dated October 1, 2007, secured by a deed of trust on property located at 242-248 5th Avenue, San Francisco; (2) $205,045.79 due on a promissory note dated December 1, 2007, secured by a deed of trust on property located at 818, 818A and 820 Green Street, San Francisco; and (3) $287,645.88 due on a promissory note dated April 1, 2008, which replaced (a) a promissory note in the principal amount of $30,000, dated December 12, 2007, and (b) a deed of trust dated November 28, 2007 securing $86,626.75 on property located at 131 Mendosa Avenue, San Francisco.  *Cheuk Yan* Complaint ¶ 9 and Exs. A-C (filed Sept. 26, 2012) and Decl. of Cheuk Tin Yan ISO Request for Court Judgment (filed March 18, 2013).

Cheuk Yan alleged that at the time of making the loans, Eng was the sole owner of the property at 949-953 Lombard Street.  After issuing the promissory notes, Eng formed debtor Lombard Flats, LLC, and transferred title of the Lombard Street property to debtor, without consideration, on January 26, 2009.  Cheuk Yan alleged that after Eng transferred the property title to debtor, Eng caused liens and long term residential leases to encumber the Lombard Street property, without consideration.  Cheuk Yan sued debtor, Eng, Eng's relatives, and entities related to Eng and/or his relatives for conspiracy to defraud by causing the transfer of the Lombard Street property from Eng to Lombard Flats, LLC, and then encumbering the title to the Lombard Street property with intent to hinder, delay or defraud Cheuk Yan as a creditor.

On January 11, 2013, appellant Demas Yan entered his appearance as counsel for Cheuk Yan in the state court action against debtor.  On March 18, 2013, appellant filed a Notice of Hearing in the state court action on Cheuk Yan's request for entry of court judgment against debtor.

On March 21, 2013, Joan Chipser, counsel for debtor, sent a letter to appellant demanding that the *Cheuk Yan* lawsuit be dismissed on the ground that any claim Cheuk Yan had against debtor was discharged upon confirmation of the Chapter 11 plan.  *In re Lombard Flats*, *LLC*, Bankr. No. 09-32219, doc. no. 136 (Decl. of Joan M. Chipser in Support of Mot. for Order of Contempt for Violation of 11 U.S.C. § 524(a)(2)).  Appellant responded to Chipser's correspondence but did not dismiss the *Cheuk Yan* action against debtor.

On May 2, 2013, the state court entered default judgment for Cheuk Yan against debtor Lombard Flats, LLC in the amount of $960,299.59, comprising $900,144.67 in damages and $60,154.92 prejudgment interest.  Thereafter, debtor filed its first motion for an order of contempt in the bankruptcy court.

### 2.    First Motion for Order of Contempt Filed by Debtor

On May 3, 2013, debtor filed a motion in bankruptcy court for an order of contempt against Cheuk Yan and his attorney, appellant Demas Yan.  The bankruptcy court held a

1    hearing on the motion for order of contempt on June 14, 2013, and ordered further

2    briefing to be submitted by the parties.  On August 2, 2013, the bankruptcy court issued a

3    memorandum decision and order on debtor's motion for an order of contempt, holding the

4    state court judgment against debtor void as a matter of law and ordering appellant and

5    Cheuk Yan to vacate the default judgment or face contempt.  *In re Lombard Flats, LLC*,

6    Bankr. No. 09-32219, doc. nos. 151 and 152.

7        On August 14, 2013, appellant, as counsel for Cheuk Yan, filed a motion to amend

8    the findings and order on the motion for contempt.  On September 20, 2013, the

9    bankruptcy court held a hearing and denied the motion to amend.  *Id.*, doc. no. 158.

10       Cheuk Yan, represented by appellant Demas Yan, appealed the orders of the

11   bankruptcy court on debtor's first motion for order of contempt, declaring the *Cheuk Yan*

12   state court judgment void, and denying Cheuk Yan's motion to amend the findings.  The

13   court affirmed the orders of the bankruptcy court on August 13, 2014.  Cheuk Yan has

14   appealed the court's decision to the Ninth Circuit Court of Appeals, where the matter

15   remains pending.

16   **C.    Second Lawsuit Filed Against Debtor**

17       **1.    State Court Action Filed by Legal Recovery**

18       On October 27, 2014, appellant, appearing as counsel for Legal Recovery, filed a

19   new complaint in San Francisco Superior Court against debtor and Eng alleging breach

20   of four promissory notes made by Eng, including the three promissory notes payable to

21   Cheuk Yan that were at issue in the *Cheuk Yan* state court action and assigned to Legal

22   Recovery.  Complaint ¶¶ 9-11, *Legal Recovery* (San Francisco Superior Ct. Oct. 27,

23   2014).  The fourth promissory note dated January 15, 2008, which is payable to Mei Ling

24   Fang and assigned to Legal Recovery, is secured by a deed of trust on property located

25   at 242-248 5th Avenue, San Francisco.

26       In the second lawsuit against debtor, Legal Recovery alleges that Eng has not

27   paid any sum on the principal or interest accrued on the promissory notes.  As alleged in

28   the first lawsuit against debtor filed by Cheuk Yan, the second lawsuit filed by Legal

United States District Court
Northern District of California

United States District Court
Northern District of California

1   Recovery alleges that at the time of making the loans, Eng was the sole owner of the

2   property at 949-953 Lombard Street, that Eng formed Lombard Flats, LLC on December

3   22, 2008, and that Eng transferred title to the property to Lombard Flats, LLC on January

4   26, 2009.  The complaint in *Legal Recovery* also alleges that debtor Lombard Flats, LLC

5   is an alter ego of Eng and is liable jointly and severally for Eng's debts.

6        On November 5, 2014, Chipser, counsel for debtor, emailed appellant Demas Yan

7   demanding that he dismiss the *Legal Recovery* complaint against debtor on the ground

8   that it violates the bankruptcy injunction and violates prior court rulings upholding the

9   discharge of Cheuk Yan's claim against debtor.  Decl. of Joan Chipser ISO [Second] Mot.

10  for Order of Contempt ¶ 5, *In re Lombard Flats, LLC,* Bankr. No. 09-32219, doc. no. 182.

11  Appellant responded to Chipser's email and refused to dismiss the *Legal Recovery* state

12  court action on the ground that the second lawsuit did not assert a cause of action

13  against debtor, but only sought to hold debtor liable on Eng's debts as Eng's alter ego.

14  *Id.*  On December 5, 2014, appellant filed a request for entry of default against debtor in

15  the *Legal Recovery* state court action.  Req. for Judicial Notice, *In re Lombard Flats, LLC*,

16  Bankr. No. 09-32219, doc. no. 186.

17        **2.     Second Motion for Order of Contempt Filed by Debtor**

18        On November 21, 2014, debtor filed a second contempt motion in the bankruptcy

19  court, seeking an order of contempt and sanctions against appellant Demas Yan for filing

20  the *Legal Recovery* lawsuit in violation of the discharge injunction of Bankruptcy Code

21  § 524, made applicable by Bankruptcy Code § 1141(d).

22        Appellant filed an opposition to the second contempt motion, erroneously naming

23  Cheuk Yan as the responding party, rather than himself.  Debtor argued as a procedural

24  matter that the opposition should be stricken and that the second motion for an order of

25  contempt against appellant Demas Yan should be granted as unopposed.  On December

26  19, 2014, the bankruptcy court held a hearing on debtor's second contempt motion.  The

27  bankruptcy court construed the opposition as having been filed by appellant and declined

28  to find that appellant had waived his response.  The bankruptcy court held that the

second lawsuit against debtor violated the discharge injunction under § 524, and held appellant in contempt.  In the Order of Contempt filed January 4, 2015, appellant was ordered to dismiss the *Legal Recovery* action against debtor in state court, and to pay Chipser's fees incurred by debtor in bringing the contempt motion.  *In re Lombard Flats, LLC,* Bankr. No. 09-32219, doc. no. 189.

Appellant filed a motion for reconsideration of the contempt order, on which the bankruptcy court held another hearing on February 13, 2015.  On February 17, 2015, the bankruptcy court entered an order denying appellant's motion for reconsideration.

On February 20, 2015, appellant filed a notice of appeal from the orders of the bankruptcy court granting debtor's second contempt motion and denying appellant's motion for reconsideration.  The bankruptcy court granted debtor's request for certification of direct appeal to the Ninth Circuit, given the pendency of the appeal before that court of the bankruptcy court's orders on debtor's first motion for contempt.  By order entered June 11, 2015, the Ninth Circuit denied debtor's petition for permission to appeal directly to the Ninth Circuit from the bankruptcy court's orders on debtor's second motion for contempt.

Appellant filed an opening brief in the present appeal on September 2, 2015, in response to an order to show cause issued by the court.  Debtor timely filed a responsive brief, and appellant filed a timely reply.  The matter is fully submitted.

**ISSUES PRESENTED**

Yan presents the following issues on appeal:

(1)    Whether the bankruptcy court had subject matter jurisdiction to order the dismissal of the state court action against debtor based on alter ego doctrine.

(2)    Whether the allegations of alter ego liability against debtor, to support enforcement of a judgment entered against debtor's principal in the *Legal Recovery* action, are subject to the bankruptcy discharge.

United States District Court
Northern District of California

**STANDARD OF REVIEW**

The court reviews the bankruptcy court's conclusions of law de novo. *Citibank v. Eashai (In re Eashai)*, 87 F.3d 1082, 1086 (9th Cir. 1996). Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses. Fed. R. Bankr. P. 8013. A factual finding is clearly erroneous if, after examining the evidence, the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985).

**DISCUSSION**

**A.     Legal Standard**

Bankruptcy Code § 524(a) provides in part as follows:

**§ 524. Effect of discharge**

(a)     A discharge in a case under this title -

(1)     voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;

(2)     operates as an injunction against the commencement or continuation of an action, the employment for process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; . . . .

11 U.S.C. § 524(a). The bankruptcy discharge releases the debtor from liability on debts and enjoins any creditor's effort to collect a discharged debt as a liability of the debtor. *See In re Gurrola*, 328 B.R. 158, 163-64, 175 (9th Cir. BAP 2005) ("judgments and acts in violation of the [discharge] injunction are automatically void ab initio, hence self-executing, for the same reasons as the automatic stay").

Section 1141(d)(1) provides that the order confirming the Chapter 11 plan "discharges the debtor from any debt that arose before the date of such confirmation . . . whether or not (i) a proof of the claim based on such debt is filed or deemed filed under

8

Section 501 of this title; (ii) such claim is allowed under section 502 of this title; or (iii) the holder of such claim has accepted the plan . . . ."  11 U.S.C. § 1141(d)(1).  A claim is defined by the Bankruptcy Code as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured."  11 U.S.C. § 101(5)(A).  For purposes of the discharge in bankruptcy, a claim arises at the time of the events giving rise to the claim, not at the time plaintiff is first able to file suit on the claim.  *In re Heilman*, 430 B.R. 213, 219-20 (9th Cir. BAP 2010) (citing *O'Loghlin v. County of Orange*, 229 F.3d 871, 874 (9th Cir. 2000)) (internal quotation marks omitted).  "A claim arises when a claimant can fairly or reasonably contemplate the claim's existence even if a cause of action has not yet accrued under nonbankruptcy law."  *In re Heilman*, 430 B.R. at 220 (citation and internal quotation marks omitted).  A bankruptcy court's confirmation is a final binding order, accorded full res judicata effect and precludes the raising of issues which could or should have been raised during the pendency of the case.  *Heritage Hotel Ltd. Partnership I v. Valley Bank of Nevada (In re Heritage Hotel Partnership I)*, 160 B.R. 374, 377 (9th Cir. BAP 1993), *aff'd*, 59 F.3d 175 (9th Cir. 1995); *accord Trulis v. Barton*, 107 F.3d 685, 691 (9th Cir. 1995).

**B.      Bankruptcy Court Jurisdiction**

        This is the second appeal filed by Demas Yan challenging orders of the bankruptcy court enforcing the bankruptcy discharge.  In his first appeal, appellant challenged the bankruptcy court's jurisdiction to discharge the debt owed to Cheuk Yan and declare the state court judgment in the first lawsuit against debtor void.  By order entered August 13, 2014, which remains pending on appeal before the Ninth Circuit, the court affirmed the holding of the bankruptcy court that any fraudulent transfer claim against debtor based on Eng's debt to Cheuk Yan was a prepetition claim that was discharged, and that the bankruptcy court properly exercised jurisdiction over Cheuk Yan's state court action, to determine whether it violated the discharge injunction.  *Cheuk Tin Yan v. Lombard Flats, LLC (In re Lombard Flats, LLC)*, No. 13-4735 PJH, doc. no. 8.

United States District Court
Northern District of California

9

United States District Court
Northern District of California

1    In the present appeal, appellant challenges the bankruptcy court's subject matter

2  jurisdiction to enforce the discharge over *Legal Recovery,* the second state court action

3  against debtor, which asserts alter ego liability against debtor for Eng's debt to Cheuk

4  Yan based on the same three promissory notes that were at issue in the *Cheuk Yan* state

5  court action.  Appellant states that the *Legal Recovery* action "alleges that ENG breached

6  the contractual obligations on the promissory notes, and that [debtor] is the alter ego of

7  ENG."  Opening Br. at 5.  Appellant concedes that the claim against Eng for breach of

8  contract on the promissory notes occurred before confirmation of the Chapter 11

9  reorganization plan.  *Id.*  He argues, however, that the alter ego allegations in the *Legal*

10  *Recovery* action do not establish an independent claim for relief against debtor that would

11  be subject to the bankruptcy discharge.  Rather, he argues, the allegations that debtor is

12  an alter ego of Eng provide a factual basis for piercing the corporate veil to enforce a

13  judgment against Eng, which is not subject to the discharge.  *Id.*

14    Bankruptcy courts have subject matter jurisdiction over proceedings "arising under

15  title 11, or arising in or related to cases under title 11."  28 U.S.C. § 1334(b).

16  Recognizing the limited nature of postconfirmation jurisdiction, the Ninth Circuit has

17  articulated a "close nexus" test to determine the scope of bankruptcy court's

18  postconfirmation "related to" jurisdiction.  The close nexus test encompasses matters

19  "affecting the 'interpretation, implementation, consummation, execution, or administration

20  of the confirmed plan.'"  *In re Wilshire Courtyard*, 729 F.3d 1279, 1287 (9th Cir. 2013)

21  (quoting *Montana v. Goldin (In re Pegasus Gold Corp.),* 394 F.3d 1189, 1193 (9th Cir.

22  2005)) (internal citations omitted).  Appellant raises no dispute that seeking recovery from

23  debtor on alter ego grounds on a judgment entered against Eng in the *Legal Discovery*

24  lawsuit would affect the implementation, consummation, execution, or administration of

25  the confirmed Chapter 11 plan, bearing a close nexus to the bankruptcy proceeding.

26  Rather, he argues that the bankruptcy court lacks jurisdiction because alter ego

27  allegations do not create an independent cause of action against debtor and do not,

28  therefore, constitute a claim subject to discharge.

1    The bankruptcy court held that the alter ego theory asserted against debtor in

2    *Legal Recovery* fell under the broad definition of a claim under bankruptcy law, which

3    includes a right to payment, including a disputed and an equitable right to payment.  Dec.

4    19, 2014 Transcript at 7, *In re Lombard Flats, LLC*, Bankr. No. 09-32219, doc. no. 243.

5    The Bankruptcy Code defines "claim" to mean "(A) right to payment, whether or not such

6    right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured,

7    unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (B) right to

8    an equitable remedy for breach of performance if such breach gives rise to a right to

9    payment, whether or not such right to an equitable remedy is reduced to judgment, fixed,

10   contingent, matured, unmatured, disputed, undisputed, secured, or unsecured."  11

11   U.S.C. § 101(5).  The bankruptcy court held that the alter ego remedy theory alleged in

12   the *Legal Recovery* complaint, asserting that Legal Recovery had a right to be paid by

13   debtor Lombard Flats because Eng was liable on the promissory notes and because

14   Lombard Flats is Eng's alter ego, fell within this definition of a claim "because it is an

15   equitable right to payment."  Dec. 19, 2014 Transcript at 7.

16       Appellant argues that alter ego liability is not an independent cause of action, and

17   that such liability does not accrue except upon entry of judgment on the underlying

18   substantive claim, concluding that an allegation of alter ego liability is not a claim under

19   bankruptcy law.  Opening Br. at 3 (doc. no. 6).  Although appellant concedes that the

20   breach of contract claim against Eng arose before confirmation of the Chapter 11 plan,

21   he argues that the "accrual of alter ego liability can and does usually occur long after the

22   accrual of the underlying substantive claim.  Therefore, [an] allegation of alter ego liability

23   is not a recognized claim under bankruptcy."  *Id.*  Appellant cites no controlling authority

24   in support of his proposition that a discharge pursuant to confirmation of a Chapter 11

25   plan cannot reach alter ego allegations against the Chapter 11 debtor to recover on a

26   debt that arose before confirmation.

27       The bankruptcy discharge here (1) voids any judgment at any time obtained, to the

28   extent that such judgment is a determination of the personal liability of the debtor with

respect to any debt discharged under § 1141; and (2) enjoins "the commencement or

continuation of an action, the employment for process, or an act, to collect, recover or

offset any such debt as a personal liability of the debtor." 11 U.S.C. §§ 524(a)(1) and (2).

"Section 524(a)(1) provides that any judgment on a debt that is discharged is void as a

determination of the debtor's personal liability. Section 524(a)(1) clearly pertains to

judgments obtained both before and after the discharge order, in that it refers to 'any

judgment at any time obtained.'" 4 Collier on Bankruptcy ¶ 524.02[1] (15th ed. 2015).

Characterizing the alter ego theory as a "judgment collection remedy," rather than a claim

for substantive relief, does not escape enforcement of the discharge. *See* Reply Br. at 2

(doc. no. 11).

The bankruptcy court correctly held that appellant's reverse veil-piercing theory to

seek recovery against debtor as the alter ego of debtor's principal, Eng, falls squarely

within the meaning of a claim under the Bankruptcy Code, which covers any right to

payment, whether contingent, unmatured or equitable. 11 U.S.C. § 101(5)(A). "This

'broadest possible definition' of 'claim' is designed to ensure that 'all legal obligations of

the debtor, *no matter how remote or contingent,* will be able to be dealt with in the

bankruptcy case.'" *In re Jensen*, 995 F.2d 925, 929-30 (9th Cir. 1993) (quoting H.R. Rep.

No. 95-595, at 309 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6266). As the court in

*In re Jensen* recognized, the legislative history of the Bankruptcy Reform Act of 1978

reflects the intent to define "claim" in the bankruptcy context broadly:

> The definition in paragraph (4) adopts an even broader
> definition of claim than is found in the present debtor
> rehabilitation chapters. The definition is any right to payment,
> whether or not reduced to judgment, liquidated, unliquidated,
> fixed, contingent, matured, unmatured, disputed, undisputed,
> legal, equitable, secured, or unsecured. The definition also
> includes as a claim an equitable right to performance that
> does not give rise to a right to payment. By this broadest
> possible definition and by the use of the term throughout the
> title 11, especially in subchapter I of chapter 5, the bill
> contemplates that all legal obligations of the debtor, no matter
> how remote or contingent, will be able to be dealt with in the
> bankruptcy case. It permits the broadest possible relief in the
> bankruptcy court.

United States District Court
Northern District of California

S. Rep. No. 95-989, at 21-22 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5808.  Under this broad definition of a claim under bankruptcy law, the alter ego theory asserted against debtor by Legal Recovery, as Cheuk Yan's assignee, is a claim subject to discharge.

The bankruptcy court properly exercised its civil contempt power to enforce the discharge injunction pursuant to section 105(a) of the Bankruptcy Code, which authorizes the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  *See Barrientos v. Wells Fargo Bank, N.A.*, 633 F.3d 1186, 1189, (9th Cir. 2011) (contempt proceedings arising out of a violation of a discharge injunction must be brought by motion in the bankruptcy case); 4 Collier on Bankruptcy ¶ 524.02[2][c] (15th ed. 2015) ("Civil contempt is the normal sanction for violations of the discharge injunction.").

## C.  Discharge of *Legal Recovery* Alter Ego Allegations

Appellant challenges the bankruptcy court's determination that the alter ego allegations in the *Legal Recovery* suit were subject to the discharge injunction. Appellant's briefs do not clearly distinguish between the issue "[w]hether alter ego allegations are subject to debtor's bankruptcy discharge injunction" from the jurisdictional issue, discussed above, "[w]hether the bankruptcy court had subject matter jurisdiction to order the dismissal of the state court action against Bankruptcy Debtor based on alter-ego doctrine."  Opening Br. at 1 (doc. no. 6).  To the extent that appellant argues generally that an alter ego theory is an equitable remedy that is not a "claim" under bankruptcy law subject to discharge, the court has determined that alter ego allegations seeking a "right to payment" against debtor constitute a "claim" within the meaning of the discharge injunction, enforcement of which is vested in the bankruptcy court.  The court next considers appellant's contention that the alter ego remedy was not discharged because the *Legal Recovery* judgment against Eng was not obtained until after confirmation of the Chapter 11 plan and that, therefore, debtor's alter ego liability on the judgment "did not arise pre-confirmation."  Opening Br. at 3.

### 1.    Waiver of Alter Ego Remedy

Before reaching the merits of appellant's argument that alter ego liability did not arise before confirmation of the plan, the court addresses debtor's contention that "[a]lter ego was waived by not pleading this theory in Lawsuit No. 1."  Doc. no. 9 at 6.  To the extent that debtor argues that the alter ego remedy is not available to Legal Recovery in state court because it was waived by Cheuk Yan's failure to plead alter ego allegations in the first lawsuit against debtor, this issue was not raised before the bankruptcy court, and the court declines to reach it.  *See In re Jan Weilert RV, Inc.*, 315 F.3d 1192, 1199 (9th Cir. 2003) ("Absent exceptional circumstances, this court generally will not consider arguments raised for the first time on appeal.").

The record reflects that in support of debtor's second motion seeking an order of contempt against appellant, debtor argued that appellant Demas Yan, as the attorney for his father, Cheuk Yan, should have presented the alter ego allegations to the bankruptcy court before confirmation of the plan, which discharged Cheuk Yan's alter ego claims against debtor.  *In re Lombard Flats*, Bankr. No. 09-32219, doc. no. 185.  To the extent that debtor argues that appellant waived his alter ego claim against debtor by failing to present a timely claim to the bankruptcy court, this question is rendered moot by the determination whether the alter ego claim was discharged.  The court will address the merits of appellant's argument that the alter ego claim did not arise before confirmation of the plan and therefore was not discharged.

Debtor also argues that the *Legal Recovery* lawsuit is barred by the doctrine of res judicata, or claim preclusion.  Doc. no. 9 at 5-6 (citing *Western Radio Services Co., Inc. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)).  This argument was not squarely raised before the bankruptcy court, and will not be considered for the first time on appeal.

### 2.    Alter Ego Claim Arose Prepetition

As discussed in Section B, above, a claim is broadly defined under the Bankruptcy Code to include a right to payment or equitable remedy "whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured,

disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5). Federal law determines when a claim arises under the Bankruptcy Code. *ZiLOG, Inc. v. Corning (In re Zilog, Inc.)*, 450 F.3d 996, 1000 (9th Cir. 2006). "It is well-established that a claim is ripe as an allowable claim in a bankruptcy proceeding even if it is a cause of action that has not yet accrued." *Cool Fuel, Inc. v. Bd. of Equalization (In re Cool Fuel, Inc.)*, 210 F.3d 999, 1007 (9th Cir. 2000). The Ninth Circuit has adopted the "fair contemplation" test for determining when a claim accrues in the bankruptcy context. *Zilog*, 450 F.3d at 1000; *Cool Fuel*, 210 F.3d at 1007; *California Department of Health Services v. Jensen (In re Jensen)*, 995 F.2d 925, 930 (9th Cir.1993) (per curiam). "Under that test, a claim arises when a claimant can fairly or reasonably contemplate the claim's existence even if a cause of action has not yet accrued under nonbankruptcy law." *In re SNTL Corp.*, 571 F.3d 826, 839 (9th Cir. 2009) (citing *Cool Fuel*, 210 F.3d at 1007).

The bankruptcy court held that appellant was in contempt for violation of 11 U.S.C. § 524(a)(2) by filing the *Legal Recovery* lawsuit against debtor in violation of the discharge injunction. At the hearing on debtor's second motion for an order of contempt, the bankruptcy court determined that all the material facts alleged in the *Legal Recovery* complaint giving rise to debtor's liability, as the alter ego of Eng, were prepetition facts. Dec. 19, 2014 Transcript at 7-8. The bankruptcy court found that the *Legal Recovery* action, filed by appellant, prosecuted a claim to include an equitable remedy against debtor based on operative facts that were discharged. *Id.* at 8-9. The bankruptcy court ordered appellant to dismiss the *Legal Recovery* action against debtor within 10 days, and awarded debtor's attorney's fees. Order of Contempt, *In re Lombard Flats*, Bankr. No. 09-32219, doc. no. 189.

The bankruptcy court correctly determined that the theory of liability alleged by Legal Recovery was based on allegations that (1) Eng was liable on the promissory notes executed by Eng in favor of Cheuk Yan, who assigned his rights under the notes to Legal Recovery, and (2) debtor Lombard Flats, LLC "is an alter ego of ENG and is liable jointly and severally for ENG's debts." *Legal Recovery* Complaint ¶ 15. The facts pled in the

*Legal Recovery* breach of contract complaint, giving rise to the alter ego claim against debtor, predated the filing of the petition on August 3, 2009: (1) the three promissory notes executed by Eng in favor of Cheuk Yan, plus the fourth promissory note in favor of Mei Ling Fang, were dated between October 2007 and April 2008; (2) Eng formed debtor Lombard Flats, LLC on or around December 22, 2008; transferred title of the property to debtor on or around January 26, 2009; and allegedly caused liens and long term leases to encumber the property pursuant to instruments recorded November 5, 2008, March 20, 2009, April 20, 2009, and January 31, 2012.  *Legal Recovery* Complaint ¶ 14.  Only the allegations regarding the January 31, 2012 deed of trust post-date the petition, but as appellant should be aware, the court has previously determined that the January 2012 instrument did not effect any transfer, fraudulent or otherwise.  *Cheuk Tin Yan v. Lombard Flats, LLC (In re Lombard Flats, LLC)*, No. 13-4735 PJH, doc. no. 8 at 18.

Because the factual allegations giving rise to debtor's alter ego liability all predate the bankruptcy petition, Legal Recovery's alter ego claim against debtor was fairly contemplated prepetition and is subject to the discharge injunction.  "If a relationship exists between the pre-petition conduct of the debtor and an *identifiable* potential claimant, it typically follows that the parties can fairly contemplate the *possible* existence of a claim against the debtor."  *In re Hexcel Corp.*, 239 B.R. 564, 568 (N.D. Cal. 1999).  *See also In re Hurricane R.V. Park*, *Inc.*, 185 B.R. 610 (Bankr. D. Utah 1995) (postdischarge tax liens filed against the Chapter 11 debtor as an alter ego of the corporate debtor's vice president, based on prepetition debt, violated discharge injunction).

Courts applying the "fair contemplation" test have held that a contingent claim for an ordinary breach of contract "arises at the time of contracting, not at the time of a subsequent breach."  *In re Conseco, Inc.*, 330 B.R. 673, 686 (Bankr. S.D. Cal. 2005) (distinguishing ordinary contracts, that were found by other courts to be within the fair contemplation of parties, from insurance contracts that are generally considered executory contracts, which receive special treatment in bankruptcy) (citations omitted).  In

United States District Court
Northern District of California

*In re Russell,* the bankruptcy court applied the fair contemplation test to hold that a breach of contract claim against debtors who sold real property before filing for bankruptcy arose at the time of entering the contract, where the buyers alleged that the seller-debtors had failed to disclose a soil subsidence problem that was not discovered until several years after the bankruptcy filing. *In re Russell*, 193 B.R. 568, 568-69 (S.D. Cal. 1996). In holding that the buyers' breach of contract claim was a prepetition claim subject to the bankruptcy, the court in *Russell* reasoned, "It is within the fair contemplation of parties entering into a contract that the other party may breach it, or have made misrepresentations to induce the making of the contract. Thus, a contingent claim arises at that point in time, although it may never mature." *Id.* at 571. *See also Pearl-Phil GMT (Far East) Ltd. v. Caldor Corp.*, 266 B.R. 575, 582 (S.D.N.Y. 2001) (affirming bankruptcy court's determination that contract-based claim arose at the time of entering into the contract, and would have remained contingent until performance or breach).

Here, Cheuk Yan's breach of contract claims based on Eng's nonpayment on the promissory notes were fairly contemplated prepetition and are therefore barred, as no proof of claims were timely filed and the confirmation of the plan discharged unsecured debts and liabilities that arose preconfirmation. *See Zilog*, 450 F. 3d at 998-1001; 11 U.S.C. §§ 524(a)(2), 1141(d)(1). The alter ego claims asserted against debtor are based on the prepetition breach of contract claims and are subject to the discharge injunction.

### 3.   New Argument Raised in Motion for Reconsideration

After the bankruptcy court issued an order granting debtor's second motion for an order of contempt, appellant filed a motion for reconsideration which raised a new argument that debtor's alter ego liability for the judgment against Eng could not have been fairly contemplated before the claims bar date, and that the alter ego claim was not subject to the discharge injunction. Citing *In re Conseco Life Ins. Co. Cost of Ins. Litig. ("Conseco Life")*, 2005 U.S. Dist. LEXIS 32375, 2005 WL 2203150 (C.D. Cal. Apr. 13, 2005), appellant argued that "there is no showing by debtor Lombard Flats, LLC that the

private lenders could have contemplated claims against the debtor on an alter ego theory during its bankruptcy." *In re Lombard Flats*, doc. no. 191 (Bankr. N.D. Cal. Jan. 10, 2015). Appellant hinged the new fair contemplation argument on the January 31, 2012 deed of trust purportedly executed by debtor in favor of Eng and third parties. "The overt indication of alter ego relationship between debtor and [Martin] Eng occurred when Eng caused a deed of trust in the amount of $580,000 to be recorded [on January 31, 2012] against property of debtor whereby Eng and numerous other entities controlled by Eng were named as beneficiary. So even if lenders had instantaneous knowledge of this recording of the deed of trust, it was after the closing of debtor's bankruptcy case. Thus based on the 'fair contemplation test," lenders' claim of alter ego is not discharged by debtor's bankruptcy." *Id.* Appellant couched the newly asserted fair contemplation theory as a challenge to the bankruptcy court's subject matter jurisdiction, which appellant asserted could be raised at any stage of the litigation. *In re Lombard Flats*, doc. no. 191 (Bankr. N.D. Cal. Jan. 10, 2015). The bankruptcy court clarified on the record that the fair contemplation theory did not raise a question whether the bankruptcy court had subject matter jurisdiction, but asserted a new argument on the motion for reconsideration of the bankruptcy court's order of contempt. Feb. 13, 2015 Transcript at 10, *In re Lombard Flats*, doc. no. 244 (Bankr. N.D. Cal. Sept. 28, 2015).

### a.   No Ground for Reconsideration

The bankruptcy court first determined whether appellant had met the standard for reconsideration of the order granting debtor's second motion for an order of contempt. "While Rule 59(e) permits the court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 59.30[4] (3d ed. 2000)). "'[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.*

1   (quoting *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

2   *See also McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (summarizing

3   four permissible grounds for Rule 59(e) motions: (1) to correct manifest errors of law or

4   fact; (2) to consider newly discovered evidence; (3) to prevent manifest injustice; or (4) as

5   justified by an intervening change in law). "A Rule 59(e) motion may not be used to raise

6   arguments or present evidence for the first time when they could reasonably have been

7   raised earlier in the litigation." *Id.*

8         Appellant did not dispute the bankruptcy court's assessment that he failed to

9   assert newly discovered evidence or intervening change in the law, but rather asserted

10   manifest injustice as grounds for reconsideration.  The bankruptcy court determined that

11   appellant raised a new argument that, under the fair contemplation doctrine, no alter ego

12   claim yet existed at the time that debtor was granted the discharge.  The bankruptcy

13   court noted that the 2012 trust deed was part of the record even in the first *Cheuk Yan*

14   fraudulent transfer action against debtor, which was held to be discharged.  Feb. 13,

15   2015 Transcript at 11-12, *In re Lombard Flats*, doc. no. 244 (Bankr. N.D. Cal. Sept. 28,

16   2015).  Appellant offered no cause for failing to raise this argument earlier, in opposition

17   to debtor's contempt motion, stating only that "I just want a ruling based on the *Conseco*

18   . . . case." *Id.* at 14.  Whether viewed under the clear error or manifest injustice test for

19   granting a motion for reconsideration, the bankruptcy court did not abuse its discretion in

20   denying the motion for reconsideration based on an argument that could reasonably have

21   been raised earlier in the proceedings.  *Kona*, 229 F.3d at 891.  Nevertheless, the

22   bankruptcy court proceeded to consider the merits of appellant's new argument that the

23   alter ego claim was not fairly contemplated prepetition.

24                    **b.      Fair Contemplation of Alter Ego Claim**

25         In seeking reconsideration of the contempt order, appellant argued that the

26   lenders on the notes could not have fairly contemplated an alter ego claim prepetition

27   because the overt indication of an alter ego relationship between debtor and Martin Eng

28   occurred around January 31, 2012, after the bankruptcy case was closed, when Eng

United States District Court
Northern District of California

1    caused debtor to record a deed of trust in favor of Eng and third parties.  Appellant relied

2    on the unpublished holding of *Conseco Life*, a class action for breach of contract brought

3    by insureds against defendant Conseco Life Insurance Company ("Conseco Life"), where

4    the court determined that the plaintiffs' alter ego claims based on postdischarge breaches

5    of contract were not fairly contemplated and were not barred by the bankruptcy discharge

6    of the defendant's parent company.  *Conseco Life*, 2005 WL 2203150 at *8.  The

7    bankruptcy court held that *Conseco Life* was not controlling authority and was

8    distinguishable from the alter ego claim at issue here, where the underlying conduct

9    giving rise to the breach of contract was Eng's failure to pay Cheuk Yan on the notes.

10   Feb. 13, 2015 Transcript at 15.  The bankruptcy court reasoned, "In *Conseco*, the

11   underlying cause of action happened at a time virtually coinciding with the discharge and,

12   more importantly, under circumstances that the district court described, they're [sic]

13   simply people with insurance policies don't contemplate breaches of those policies.

14   People who hold promissory notes have to contemplate the possibility of breaches of the

15   note."  Feb. 13, 2015 Transcript at 15-16.

16        The court affirms the bankruptcy court's ruling that the holding of *Conseco Life,*

17   which involved alter ego liability for breach of insurance policies, is not applicable to the

18   alter ego claim for the underlying breach of contract at issue here, which was fairly

19   contemplated prepetition.  In *Conseco Life*, the plaintiffs were holders of life insurance

20   policies ("Lifestyle" and "Lifetime") issued by the defendant, Conseco Life, which was a

21   fourth-tier subsidiary of the debtor, Conseco, Inc.  The parent company, Conseco, Inc.,

22   filed a petition for Chapter 11 bankruptcy in December 2002, and on September 9, 2003,

23   the bankruptcy court for the Northern District of Illinois entered a confirmation order

24   approving a plan of reorganization, triggering the discharge injunction.

25        The insurance policies at issue in *Conseco Life* applied a method of determining

26   the cost of insurance, called the "R-Factor," which was based on a multiplier accounting

27   for the insured's age, gender, and underwriting class, lowering the cost of insurance for

28   certain policyholders.  Conseco Life notified its policy holders of a change in the cost of

United States District Court
Northern District of California

insurance effective October 2003 for "Lifestyle" policy holders, and May 2004 for

"Lifetime" policy holders.  *Conseco Life*, 2005 WL 2203150 at *2-3.  The plaintiff policy

holders alleged that Conseco Life breached their insurance contracts when it eliminated

the "R-Factor" and significantly increased their cost of insurance payments.  The

*Conseco Life* plaintiffs also alleged that the parent company, Conseco, Inc., was the alter

ego of Conseco Life and shared liability because after emerging from bankruptcy, it

directed the elimination of the "R-Factor" to enhance its balance sheet by hundreds of

millions of dollars.  *Id.* at *3.  The parent company, Conseco, Inc., asserted the

bankruptcy discharge as an affirmative defense to the alter ego claims.  The *Conseco*

*Life* plaintiffs filed a motion seeking an adjudication that the parent company's defense of

discharge was legally insufficient or waived on the ground that their claims arose after

entry of the bar order.

Recognizing that the alter ego doctrine does not create an independent cause of

action, but merely identifies which parties ought to be held liable, the district court noted

the lack of authority on the question whether alter ego allegations constitute a claim for

bankruptcy purposes under § 105, and proceeded to analyze the plaintiffs' underlying

breach of contract claims to determine when they arose for purposes of bankruptcy law.

*Conseco Life*, 2005 WL 2203150 at *5.  Applying the fair contemplation test set forth in *In*

*re Jensen,* the court in *Conseco Life* held that the plaintiffs could not have fairly

contemplated their claims against the parent company at the time of the bar order, given

that the subsidiary, Conseco Life, did not change its cost calculation methods for the

Lifestyle policies until three weeks after the bar order was issued, and another seven

months later for the Lifetime policies.  *Id.* at *7.  Notably, the court in *Conseco Life*

distinguished *In re Russell*, *supra*, on the following grounds:

> First, in contrast to the situation in *Russell*, Plaintiffs did not
> have a contractual relationship with the debtor, Old Conseco.
> Instead, they had a contract with that debtor's fourth-tier
> subsidiary, Conseco Life.  [¶]
>
> Second, the relationship that plaintiffs did have with Conseco
> Life was not so direct, so intimate or so concrete as to make it

likely that they would contemplate a breach merely because they were buying a life insurance policy.  When you buy real property it is an inherent and recurring risk that the seller will fail to disclose a material condition.  When you buy life insurance, in contrast, you do not contemplate that your coverage will vanish or your costs greatly multiply.  [¶]

Third, *Russell* involved only pre-petition conduct of the debtor (failing to disclose a subsidence problem.)  Here, Plaintiffs allege alter ego conduct that not only spans Old Conseco's bankruptcy proceedings, but also involves critical post-confirmation conduct of [the reorganized entity] New Conseco (the elimination of the R-Factor through its allegedly controlled subsidiary).  [¶]

Fourth, unlike in *Russell*, Plaintiffs' claimed injuries were not caused by pre-petition conduct for which they had even constructive notice.  According to the CAC [Consolidated Amended Complaint], Plaintiffs were never notified of the very existence or use of the R-Factor until Conseco Life eliminated it.  The resulting increase in the cost of insurance did not occur until after the Bankruptcy Court entered the Bar Order.

*Conseco Life*, 2005 WL 2203150 at *7 (citing *In re Russell*, 193 B.R. at 571-72).

For several of the reasons articulated by the court in *Conseco Life*, the alter ego claims against debtor based on Eng's nonpayment of the promissory notes are distinguishable from the alter ego liability for breach of the insurance policies asserted against the debtor parent company in *Conseco Life*: the contractual relationship between Eng, as the borrower on the promissory notes, and Cheuk Yan, as the lender, was "so concrete as to make it likely that they would contemplate a breach;" Cheuk Yan's underlying breach of contract claim, assigned to Legal Recovery, is based on prepetition conduct, as appellant concedes; and Cheuk Yan's injuries caused by the breach were caused by prepetition conduct, of which he had notice.

Under the reasoning of *Conseco Life,* the accrual of the alter ego claims is determined by when the underlying breach of contract claims arose.  2005 WL 2203150 at *5.  Even if the court were to consider when the alter ego relationship could be fairly contemplated, the alter ego allegations in the *Legal Recovery* complaint refer to prepetition conduct.  As the court held earlier, the January 2012 purported deed of trust had no legal effect in transferring a property interest from debtor to Eng, and does not support appellant's argument that the alter ego theory arose after the discharge, or even

1    postpetition.  Thus, under the fair contemplation test for when a claim accrues under

2    bankruptcy law, the alter ego claims against debtor, which are based on the underlying

3    breach of contract claims against Eng, arose prepetition.

### c.    Lack of Notice

5          On his motion for reconsideration before the bankruptcy court, appellant argued

6    that even if the alter ego claim was fairly contemplated before the bar date, the alter ego

7    claim was not discharged because Cheuk Yan was not given formal notice of the

8    bankruptcy.  As appellant concedes in his reply brief on the present appeal, the issues

9    concerning lack of formal notice were decided in the court's order affirming the orders of

10   the bankruptcy court on the first contempt motion, which is on appeal before the Ninth

11   Circuit.  Doc. no. 11 at 1.  *Cheuk Tin Yan v. Lombard Flats, LLC (In re Lombard Flats,*

12   *LLC)*, No. 13-4735 PJH, doc. no. 8.  Though pending appeal, the court's earlier ruling that

13   appellant and his father were estopped from arguing lack of formal notice under the

14   judicial estoppel doctrine has issue preclusive effect on the same argument raised below.

15   "The federal rule on the preclusive effect of a judgment from which an appeal has been

16   taken is that the pendency of an appeal does not suspend the operation of an otherwise

17   final judgment for purposes of res judicata."  *Eichman v. Fotomat Corp.*, 759 F.2d 1434,

18   1439 (9th Cir. 1985) (citing 1B JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE

19   ¶ 0.416[3] at 521 (2d ed. 1983)).  *See also Convergence Corp. v. Videomedia*, 539 F.

20   Supp. 760, 762 (N.D. Cal. 1981) ("It is a well-established general rule [ ] that pendency of

21   an appeal does not suspend the operation of an otherwise final judgment as res judicata

22   or collateral estoppel.") (citing 1B MOORE'S FEDERAL PRACTICE ¶ 0.416[3]).  The

23   bankruptcy court did not, therefore, err in denying the motion for reconsideration on this

24   ground.

25   //

26   //

27

28

United States District Court
Northern District of California

23

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**CONCLUSION**

For the reasons set forth above, the court AFFIRMS the orders of the bankruptcy court.

**IT IS SO ORDERED.**

Dated: March 23, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge